# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES C. MILLER,

        Petitioner,   :         Case No. 3:24-cv-105

  - vs -         District Judge Thomas M. Rose
                    Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN,
 Chillicothe Correctional Institution,

                        :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner James Miller brought this habeas corpus action *pro se* to obtain relief from his conviction for murder in the Montgomery County Court of Common Pleas. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 5), and the Return of Writ (ECF No. 6). Magistrate Judge Silvain set a reply date of twenty-one days after the Return was filed (Order for Answer, ECF No. 3, PageID 23). That deadline was reached on July 8, 2024, but Petitioner has neither filed a reply nor obtained an extension of time to do so.

The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 7).

1

**Litigation History**

On October 26, 2020, a Montgomery County grand jury returned an indictment charging Miller with one count of murder (proximate result of committing felonious assault – serious physical harm) in violation of Ohio Revised Code § 2903.11(A)(1), one count of murder (proximate result of committing felonious assault – deadly weapon) in violation of Ohio Revised Code § 2903.11(A)(2), one count of felonious assault (serious physical harm) in violation of Ohio Revised Code § 2903.11(A)(1), and two counts of felonious assault (deadly weapon) in violation of Ohio Revised Code § 2903.11(A)(2). (Indictment in Case No. 2020-CR-02034, State Court Record, ECF No. 5, Ex. 1).  A trial jury found Miller guilty on all counts. *Id.* at Ex. 16.

After merging the first four counts, Common Pleas Judge Mary Katherine Huffman sentenced Miller to a mandatory term of imprisonment for fifteen years to life to be served consecutively before a consecutive term of four to six years on Count 5 (Termination Entry, State Court Record, ECF No. 5, Ex. 19).

Miller appealed to the Second District Court of Appeals and that court affirmed the lower court's judgment.  *State v. Miller*, (Ohio App. 2d Dist. 2022-Ohio-213)(Jan. 28, 2022).  Miller could have filed an appeal of right to the Ohio Supreme Court by March 14, 2022, but did not do so.  That court granted him leave to file a delayed appeal when he asked in January, 2023, but then dismissed the delayed appeal when he failed to file a required memorandum in support of jurisdiction (State Court Record, ECF No. 5, Ex. 28, ECF No. 5-1, Exs. 30, 31).

On March 18, 2022, Miller filed an application to reopen his appeal on claims of ineffective assistance of appellate counsel. *Id.* at Ex. 32.  The Court of Appeals denied relief. *Id.* at Ex. 35.  Miller failed to appeal.

On April 15, 2022, Miller filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at Ex. 36. The Common Pleas Court dismissed the petition. *Id.* at Ex. 39. Miller did not timely appeal and the Second District dismissed an untimely appeal on September 13, 2022. *Id.* at Ex. 45. The Ohio Supreme Court declined jurisdiction over a further appeal. *Id.* at Ex. 48.

On April 9, 2024, Miller filed his Petition for Writ of Habeas Corpus in this Court by depositing it in the mail on that date.[1] He pleads the following grounds for relief:

> **Ground One:** Miller's constitutional rights of equal-protection to the right-of-access-to-the-courts was violated by inadequate state procedural rules which prejudiced Miller, because his notice of appeal was determined to be untimely and not reviewable due to no fault of his own, but due to delay by the neglect of prison authorities and/or USPS and/or clerk of court.
>
> **Supporting Facts:** Notice of appeal bears a time stamp of July 25, 2022 from Chillicothe Correctional Institution, 7-days before due; notice filed by Clerk of Court August 2, 2022, notably 1-day late; notice of appeal is a mandatory e-filing, and pro se litigants are exempted from mandatory e-filing. And, Miller does not have access to e-filing.
>
> **Ground Two:** Miller is constitutionally entitled to equitable tolling because the state's ordinarily adequate procedural rule proved inadequate to protect Miller's rights of equal-protection to the right-of-access-to-the-courts, which prejudiced him.
>
> **Supporting Facts:** Notice of appeal bears a time stamp of July 25, 2022 from Chillicothe Correctional Institution, 7-days before due; notice filed by Clerk of Court August 2, 2022, 1-day late; notice of appeal is a mandatory e-filing, and pro se litigants are exempted from mandatory e-filing. And, Miller does not have access to e-filing.
>
> **Ground Three:** Miller's trial attorneys were ineffective, because they failed to effectively present evidence, and failed to present evidence which Miller urged was pertinent to his affirmative-defense, resulting in prejudice to Miller.

---

[1] See *Houston v. Lack*, 487 U.S. 266 (1988).

**Supporting Facts:** Trial attorneys failed to present evidence, which Miller repeatedly said he wanted the jury to know, which goes to the heart of his affirmative-defense; trial attorneys failed to question Miller regarding "victims prior conduct," in order to establish Miller's "state of mind"; trial attorneys failed to question Griffie Jr., regarding his prior felony record; trial attorneys failed to get a second medical opinion.

**Ground Four:** The trial court abused its discretion by dismissing Miller's petition for post-conviction relief without a hearing and without granting his motions for admittance of evidence or appointment of counsel.

**Supporting Facts:** Miller's *pro se* pleading of facts were not liberally construed; Miller's evidentiary support was ignored; discussion of evidentiary rule limiting evidence only partially explained its scope; Judge Huffman ignores the heart of Miller's affirmative defense regarding his "state of mind," and replaces Miller's point of view with her own "state of mind"; Huffman re-characterizes Miller's words; Miller's claim of ineffective-assistance-of-counsel was rejected, and was not permitted evidence from outside-of-the-record.

**Ground Five:** Miller is constitutionally entitled to equitable tolling, because state's ordinarily adequate procedural rule proved inadequate to protect miller's rights of equal-protection to the right-of-access-to-the-courts, thus prejudiced him.

**Supporting Facts:** Miller timely filed for an extension of time in which to file his Memorandum in Support, which was denied; Cash receipt for mailing of Memorandum in Support of Jurisdiction bears a time stamp of May 10, 2023, from Chillicothe Correctional Institution; records of the Supreme Court of Ohio indicate that the Memorandum in Support of Jurisdiction did not arrive by May 11, 2023; Miller's memorandum arrived late due to delays in institution and United States mail delivery system, and COVID-19-based restrictions on his access to legal resources.

**Ground Six:** Miller was denied a fair trial based on the trial court's biased comments on the admissibility of evidence and bias towards Miller and legislature.

**Supporting Facts:** Judge Huffman denied Miller from presenting self-defense evidence; made disparaging remarks regarding the Legislature and what it permits to be testified; and made disparaging remarks toward Miller.

4

> **Ground Seven:** Miller was denied a fair trial based on prosecutorial misconduct, where prosecutor inflamed the passions of the jury urging to identify personally with the victim.
>
> **Supporting Facts**: Prosecutor appealed to the emotions of the jury, by urging the jury to identify personally with the victim; prosecutor made gratuitous, irrelevant and prejudicial comments in questioning Miller.
>
> **Ground Eight:** Miller was denied a fair trial based on Judge Huffman's disparaging comments regarding a jury instruction on the definition of reasonable doubt.
>
> **Supporting Facts:** Judge Huffman made disparaging comments regarding a jury instruction on reasonable doubt.
>
> **Ground Nine**: Miller was denied a fair trial due to ineffective assistance of counsel in failing to request a jury instruction on the lesser-included-offense of aggravated assault.
>
> **Supporting Facts:** Counsel failed to request a lesser-included aggravated assault instruction; evidence of serious provocation was presented.

Petition, ECF No. 1.

Respondent concedes the Petition was timely filed (Return, ECF No. 6, PageID 1151).

## Analysis

**Ground One:  Denial of Equal Protection and Access to the Courts**

In his First Ground for Relief Miller asserts he was denied equal protection of the laws and access to the courts by inadequate Ohio procedural rules regarding appeal from denial of post-conviction relief.

However, post-conviction state collateral review is not a constitutional right, even in capital

cases.  *Murray v. Giarratano*, 492 U.S. 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975); *Hugueley v. Mays*, 964 F.3d 489  (6th Cir. 2020), citing *Murray* and  *Lackawanna Cty. Dist. Att'y v. Coss,* 532 U.S. 394, 402 (2001); *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986)(claims of denial of due process and equal protection in collateral proceedings not cognizable in federal habeas because not constitutionally mandated).  *Accord, Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001); *Johnson v. Collins,* 1998 WL 228029 (6th Cir. 1998); *Trevino v. Johnson*, 168 F.3d 173 (5th Cir.1999); *Zuern v. Tate*, 101 F. Supp. 2d 948 (S.D. Ohio 2000), *aff'd*.,336 F.3d 478 (6th Cir. 2003).  Miller has not sufficiently pleaded that other inmates pursuing post-conviction relief were treated differently from him on some invidious basis.

Ground One should be dismissed for failure to state a claim on which habeas corpus relief can be granted.

**Ground Two:  Entitlement to Equitable Tolling**

In his Second Ground for Relief, Miller claims he is entitled to equitable tolling of time limits.  To the extent this claim is intended to refer to federal time limits, it is moot because the Petition was filed within the statute of limitations, as Respondent concedes.  To the extent it is intended to apply to state time limits, it is beyond the power of this Court to consider on the authority cited as to the First Ground for Relief.

Ground Two should be dismissed as either moot or non-cognizable.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Miller asserts he was deprived of his Sixth Amendment right to effective assistance of counsel when counsel (1) failed to ask him on direct examination about statements Young, the decedent, had made to Miller which could have affected his state of mind; (2) failed to impeach witness James Griffie with his prior felony record; and (3) failed to obtain a second medical opinion.

The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable."  *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*,  466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The

>likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Respondent asserts this Ground for Relief is procedurally defaulted because Miller failed to fairly present it to the Ohio courts. The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

>First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>    . . . .
>Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
>Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
>Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule which requires that any trial court error which can be

9

addressed on the original appellate record must be raised on direct appeal or be later barred as *res judicata*. *State v. Perry,* 10 Ohio St. 2d 175 (1967); *State v. Davis*, 119 Ohio St.3d 422, ¶ 6 (2008). citing *State v. Hutton,* 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶ 37; *State v. D'Ambrosio (1995),* 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995).. The *Perry* rule has been held to be an adequate and independent basis for state court decisions. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981).

None of the alleged deficiencies in counsel's performance pleaded in the Third Ground for Relief was raised on direct appeal. Miller's assignment of error related to ineffective assistance of trial counsel on direct appeal was limited to his claim that counsel should have sought a lesser included offense instruction (See Appellant's Brief, State Court Record, ECF No. 5, Ex. 25, PageID 126).

Miller raised these claims of ineffective assistance of trial counsel in his Petition for Post-Conviction Relief which he filed *pro se* on April 15, 2022 (State Court Record, ECF No. 5-1, Ex. 36). Judge Huffman dismissed the Petition as untimely. *Id.* at Ex. 39. The Second District dismissed an appeal from that order as itself untimely. *Id.* at Ex. 45. The Ohio Supreme Court declined to exercise jurisdiction over a further appeal. *Id.* at Ex. 48.

Thus Miller procedurally defaulted Ground Three by not raising on direct appeal those portions which could have been raised there and also by filing his petition for post-conviction relief untimely in the Common Pleas Court and his failing to timely appeal from that decision.

Ground Three should be dismissed as procedurally defaulted.

**Ground Four:  Abuse of Discretion in Adjudicating Petition for Post-Conviction Relief**

In his Fourth Ground for Relief Miller claims Judge Huffman abused her discretion in dismissing his Petition for Post-Conviction Relief without appointing counsel or admitting evidence presented with the Petition.

This claim is not cognizable in federal habeas corpus because abuse of discretion is not a federal constitutional claim.  *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).  Furthermore Miller has procedurally defaulted this claim by not timely appealing Judge Huffman's decision or timely appealing the Second District's denial of his appeal from Judge Huffman's timeliness decision.

Ground Four should therefore be dismissed as non-cognizable or procedurally defaulted.

**Ground Five:  Denial of Equitable Tolling by Ohio Supreme Court**

In his Fifth Ground for Relief, Miller asserts the Ohio Supreme Court should have excused his late filing of his Memorandum in Support of Jurisdiction on the basis of equitable tolling.

While the doctrine of equitable tolling can apply to late filings in federal actions, it is not constitutionally mandated to be applied by state courts.  Ground Five should therefore be dismissed as pleading a non-cognizable claim.

**Ground Six:  Biased Judicial Comments**

In his Sixth Ground for Relief, Miller asserts he was denied a fair trial because of biased comments Judge Huffman about the admissibility of evidence and about Miller and the Ohio General Assembly.

Any comments made by Judge Hoffman would have been of record on direct appeal, but the only claim about judicial comments made on direct appeal relates to those dealt with in Ground Eight.  Any other claims of this nature are procedurally defaulted because they were not raised on direct appeal.

Ground Six should be dismissed with prejudice.

**Ground Seven:  Prosecutorial Misconduct**

In his Seventh Ground for Relief Miller claims he was denied a fair trial by the prosecutor's misconduct in argument to the jury and in cross-examination.

Miller raised prosecutorial misconduct as his Fourth Assignment of Error on direct appeal and the Second District decided it as follows:

> ¶ 19 In his fourth assignment of error, Miller contends prosecutorial misconduct deprived him of a fair trial. He cites three comments from the prosecutor. First, the prosecutor began opening statements with rhetorical questions to the jury about "how much money would justify stabbing your friend in the neck" and "proceeding to hit your friend with your car after that?" Second, the prosecutor asked Miller whether he usually drove while Young did the "dirty work" in dumpster diving. Third, the prosecutor noted during closing arguments that Miller had hit Young with a car after stabbing him. The prosecutor commented, "[t]hat's some friend."

¶ 20 The test for prosecutorial misconduct is whether the prosecutor's comments were improper and, if so, whether they prejudicially affected Miller's substantial rights. *State v. Hanna,* 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d 678, ¶r 61. "However, the touchstone of analysis 'is the fairness of the trial, not the culpability of the prosecutor.' " *Id.*, quoting *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78. At trial, Miller did not object to any of the three instances about which he now complains. Therefore, we are limited to plain-error review.

¶ 21 We see nothing improper about the prosecutor's rhetorical questions to begin opening statements. The State's theory of the case was that a money dispute between two friends, Miller and Young, had culminated in Miller's stabbing Young and hitting him with a car. The prosecutor's questions were a colorful way of setting the stage for the jury. Strictly speaking, of course, the legal issue was not whether the amount of money in dispute justified Miller's actions. Based on the entirety of the prosecutor's remarks, no juror would have thought so. The attention-grabbing opening lines of the prosecutor's statement should not be read in isolation to establish impropriety.

¶ 22 The prosecutor's comment about Miller's driving and Young's doing the "dirty work" of entering dumpsters was factually correct. Miller appears to believe that the phrase "dirty work" was derogatory. But the fact is that Miller had a car and drove, while Young searched the dumpsters, which fairly may be characterized as the "dirty work."

Regardless, any negative inference that may be drawn from the prosecutor's choice of words is too insignificant to have prejudiced Miller's right to a fair trial.

¶ 23 Finally, Miller had testified that he and Young were friends and that he had stabbed Young purely in self-defense. In closing argument, the prosecutor noted that Miller had hit Young with a car after stabbing him. The challenged comment, "[t]hat's some friend," appears to have been a response to Miller's claim that he would not have hurt his "friend" unless it was necessary for his own safety. Given the wide latitude given to counsel in closing arguments, we see nothing improper about the remark. We also do not believe the comment violated Miller's right to a fair trial. Plain error has not been established. The fourth assignment of error is overruled.

*State v. Miller, supra.*

First of all, the Second District reviewed this claim only for plain error. As noted above, that is an enforcement of Miller's procedural default in failing to object at trial.

Secondly, the Second District reasonably applied controlling Supreme Court precedent on the issue of prosecutorial misconduct, exemplified by *Smith v. Phillips.*

Ground Seven should therefore be dismissed as procedurally defaulted and on the merits.

**Ground Eight: Denial of a Fair Trial by Judge's Comments on Jury Instruction**

In his Eighth Ground for Relief, Miller asserts he was denied a fair trial by Judge Huffman's comments in her preliminary jury instructions on the definition of reasonable doubt. He raised this claim as his Second Assignment of Error on direct appeal which reads: "Appellant was denied a fair trial based on the trial court's disparaging comments regarding a jury instruction on reasonable doubt." (Appellant's Brief, State Court Record, ECF No. 5, Ex. 25, PageID 126). The Second District decided that assignment of error as follows:

> ¶ 14 In his second assignment of error, Miller contends the trial court made inappropriate disparaging comments regarding a jury instruction on reasonable doubt. In particular, he cites the following remark during preliminary jury instructions:
>
> Reasonable doubt is based on reason and common sense, and not mere possible doubt. Personally, I think that's the worst definition of anything ever; because if you're an English teacher, which I am not, your English teacher always told you, don't use the word in the definition and it does. But nonetheless I will give you the legal definition of beyond a reasonable doubt at the conclusion of the trial.
> * * *
> (Trial Tr. Vol. II at 143.)
>
> ¶ 15 We are unpersuaded that the trial court's editorial comment about the definition of reasonable doubt deprived Miller of a fair trial. In its subsequent jury instructions, the trial court fully

> instructed the jury on the meaning of reasonable doubt. (Trial Tr. Vol. IVat710.) Miller failed to object to the remark quoted above, thereby waiving all but plain error. We see no plain error here. Plain error exists when "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus. The trial court's personal observation about the definition of reasonable doubt does not constitute plain error. The second assignment of error is overruled.

(*State v. Miller*, Opinion of January 28, 2022, State Court Record, ECF No. 5, Ex. 27, PageID 198-99).

The claim raised in Assignment of Error Two is procedurally defaulted by lack of a contemporaneous objection. Ohio requires that asserted trial court error be objected to at the time it occurs so as to permit correction at a time when the error could have been avoided or corrected. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). The Second District enforced this rule by reviewing the claim only for plain error. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

However, the opinion of a state court on plain error review is still entitled to AEDPA deference if the federal court reaches the merits despite the procedural default. *Fleming v. Metrish*, 556 F.3d 520, 532 (6th Cir. 2009); *Kittka v. Franks*, 539 Fed. Appx. 668, 672 (6th Cir. 2013); *Bond v. McQuiggan*, 506 Fed. Appx. 493, 498 n. 2 (6th Cir. 2013); *Stojetz v. Ishee*, 2014 U.S. Dist. LEXIS 137501 *231 (S.D. Ohio Sept. 24, 2014)(Frost, D.J.). Although the Magistrate Judge finds this claim procedurally defaulted, if the Court were to reach the merits, it should find the Second District's opinion is not an objectively unreasonable application of clearly established federal law

and is therefore entitled to deference.

Ground Eight should be dismissed as procedurally defaulted and on the merits.

**Ground Nine: Ineffective Assistance of Trial Counsel: Failure to Seek a Lesser-included Instruction on Aggravated Assault**

In his Ninth Ground for Relief, Miller claims he received ineffective assistance of trial counsel when his trial attorney did not request a jury instruction on the lesser included offense of aggravated assault.

Miller raised this claim as his Third Assignment of Error on direct appeal and the Second District decided it as follows:

> ¶ 16 In his third assignment of error, Miller alleges ineffective assistance of counsel based on his attorney's failure to seek a jury instruction on aggravated assault. Miller notes that aggravated assault is an inferior-degree offense to felonious assault with an additional mitigating element of "serious provocation:" In other words, the two offenses are similar except aggravated assault requires proof that the defendant acted under the influence of sudden passion or in a fit of rage brought about by serious provocation. Miller contends the evidence justified an aggravated-assault instruction and that defense counsel provided deficient representation by failing to request it. [footnote omitted]
>
> ¶ 17 We find Miller's argument to be unpersuasive. This court has recognized that a self-defense argument generally is inconsistent with a serious-provocation theory. *State v. Brown*, 2d Dist. Montgomery No. 27738, 2018-Ohio-3068, ¶47 (citing cases). For that reason, self-defense and aggravated-assault instructions are incompatible in most cases. *Id*. Nevertheless, we recognized in Brown that the two theories conceivably might be compatible where a defendant is found to have exceeded the degree of force necessary to defend himself because he acted out of passion or rage.
>
> ¶ 18 In the present case, however, nothing in Miller's testimony suggests that he acted in a sudden passion or fit of rage. He admitted that he was not agitated and not raising his voice before the stabbing.

16

(Tr. Vol. IV at 644.) He was not upset and not "challenging" Young. (Id. at 673.) Miller claimed he moved backward when Young orally threatened him. (Id. at 644-647.) He only stabbed Young because he was afraid. (Id. at 646.) But "[f]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage." *State v. Mack*, 82 Ohio St.3d 198, 201, 694 N.E.2d 1328 (1998); see also *State v. Mcclendon*, 2d Dist. Montgomery No. 23558, 2010- Ohio-4757, 1[ 23-24, vacated in part on other grounds, *State v. McClendon*, 128 Ohio St.3d 354, 2011-Ohio-954, 944 N.E.2d 235 (upholding the trial court's refusal to give an aggravated-assault instruction where the defendant shot the victim out of fear that the victim might be retrieving a weapon from a coat). Absent evidence that Miller acted under the influence of sudden passion or in a fit of rage caused by serious provocation, defense counsel did not provide ineffective assistance by failing to seek an aggravated-assault instruction.[4] The third assignment of error is overruled.

> 4 The State also argues that Miller's attorney reasonably may have elected to purse [sic] an all-or-nothing strategy by arguing self-defense rather than seeking an aggravated-assault instruction. The State reasons that if Miller had been successful on his self-defense claim, he would have been acquitted rather than potentially convicted of aggravated assault. However, Miller is not arguing that his attorney should have pursued aggravated assault rather than self-defense. Miller appears to argue that this is the unusual case where the evidence potentially supported both theories. If this were true, we would see no strategic reason to foregoing pursuing an aggravated-assault instruction. In such a case, the jury would have the option to find sudden passion or a fit of rage and serious provocation and to convict Miller of aggravated assault rather than felonious assault if it rejected selfdefense. We see no potential downside to Miller in such a scenario. Here, however, Miller's testimony does not support a finding that he acted out of sudden passion or in a fit of rage. Therefore, there simply was no basis for an aggravated-assault instruction.

*State v. Miller, supra.*

It is a question of state law whether the evidence presented in a given case is sufficient to allow an instruction on a lesser-included offense. Here the Second District decided the evidence did not support such an instruction and that decision is conclusive on this Court. It was therefore

17

not deficient performance to fail to request an aggravated assault instruction.

Ground Nine should therefore be dismissed on the merits.

**Conclusion**

On the basis of the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 27, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #