IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES C. MILLER,

        Petitioner,  :        Case No. 3:24-cv-105

   - vs -                District Judge Thomas M. Rose
                              Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN,
 Chillicothe Correctional Institution,

                                   :
        Respondent.

## DECISION AND ORDER

Petitioner James Miller brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction for murder in the Montgomery County Court of Common Pleas.  The case was referred to United States Magistrate Judge Peter B. Silvain, Jr., and later transferred to Magistrate Judge Michael R. Merz to help balance the Magistrate Judge workload in the District.  Magistrate Judge Merz filed a Report and Recommendations recommending the case be dismissed with prejudice ("Report," ECF 8). Petitioner has now filed Objections to the Report ("Objections," ECF 9).

When a litigant files objections to a report of a Magistrate Judge on a dispositive motion, the Court is obliged to review the matter *de novo*.  Fed. R. Civ. P. 72(b)(3).  Having done so, the Court adopts the Magistrate Judge's Report and overrules Petitioner's Objections for the reasons set forth below.

1

**Summary of Recommendations in the Report**

In his First Ground for Relief Miller asserted he was denied equal protection of the laws and access to the courts by inadequate Ohio procedural rules regarding appeal from denial of postconviction relief.  The Magistrate Judge recommended dismissal of Ground One in that it did not state a claim cognizable in habeas corpus because there is no federal constitutional right to state post-conviction relief (Report, ECF 8, PageID 1197).

In his Second Ground for Relief, Miller claims he is entitled to equitable tolling of time limits.  To the extent this claim was directed to state time limits, the Report recommended rejecting it for the same reasons as the First Ground (Report, ECF 8, PageID 1197).

In his Third Ground for Relief, Miller asserts he was deprived of his Sixth Amendment right to effective assistance of counsel when counsel (1) failed to ask him on direct examination about statements Young, the decedent, had made to Miller which could have affected his state of mind; (2) failed to impeach witness James Griffie with his prior felony record; and (3) failed to obtain a second medical opinion.  The Report recommends dismissal of this Ground for Relief as procedurally defaulted because it was not raised on direct appeal and Miller's petition for post-conviction relief under Ohio Revised Code § 2953.21 was dismissed as untimely filed (Report, ECF 8, PageID 1202).

In his Fourth Ground for Relief Miller claims Common Pleas Judge Huffman abused her discretion in dismissing his Petition for Post-Conviction Relief without appointing counsel or admitting evidence presented with the Petition.  The Report recommends dismissing this claim because abuse of discretion is not reviewable in habeas corpus (Report, ECF 8, PageID 1202).

In his Fifth Ground for Relief, Miller asserts the Ohio Supreme Court should have excused his late filing of his Memorandum in Support of Jurisdiction on the basis of equitable tolling.  The

Magistrate Judge recommended dismissing this claim because the United States Supreme Court has not mandated equitable tolling for application in state courts (Report, ECF 8, PageID 1202).

In his Sixth Ground for Relief, Miller asserts he was denied a fair trial because of biased comments Judge Huffman made about the admissibility of evidence and about Miller and the Ohio General Assembly. The Report recommended denial of this claim as procedurally defaulted because it was not raised on direct appeal (ECF 8, PageID 1203).

In his Seventh Ground for Relief Miller claims he was denied a fair trial by the prosecutor's misconduct in argument to the jury and in cross-examination. The Report recommended denying this claim as procedurally defaulted for lack of an objection at trial and on the merits because the Second District Court of Appeals application of Supreme Court precedent on prosecutorial misconduct was objectively reasonable (Report, ECF N8, PageID 1205).

In his Eighth Ground for Relief, Miller asserts he was denied a fair trial by Judge Huffman's comments in her preliminary jury instructions on the definition of reasonable doubt. He raised this claim as his Second Assignment of Error on direct appeal which reads: "Appellant was denied a fair trial based on the trial court's disparaging comments regarding a jury instruction on reasonable doubt." The Report recommended that this claim be dismissed as procedurally defaulted (ECF 8, PageID 1207). In that alternative if the Court decided to reach the merits, the Report recommended this claim be dismissed because the Second District's opinion was not an objectively unreasonable application of Supreme Court precedent. *Id.* at PageID 1207.

In his Ninth Ground for Relief, Miller claims he received ineffective assistance of trial counsel when his trial attorney did not request a jury instruction on the lesser included offense of aggravated assault. The Report recommended this claim be dismissed on the merits because it is a question of state law whether the evidence presented in a given case is sufficient to allow an

instruction on a lesser-included offense and the Second District decided the evidence in this case did not support such an instruction. The Report concluded that decision on Ohio law is conclusive on this Court (Report, ECF 8, PageID 1208).

**Petitioner's Objections**

Petitioner has filed objections which often are directed at more than one Ground for Relief. The Court rules on the Objections in the order in which they are set forth by Petitioner.

**Objection One**

As to Grounds for Relief One, Two, and Five, Petitioner says that he is challenging the "collateral review process itself." (ECF 9, PageID 1212). He notes that the Northern District of Ohio agrees with the Report that the United States Constitution does not require post-conviction review but adds "unless state collateral review violates some independent constitutional right, such as equal protection." *Id.* quoting *Brinkley v. Houk*, 866 F. Supp. 2d 747, 832 (N.D. 2011). In *Brinkley*, Judge Adams of the Northern District denied habeas corpus relief, so that his comment about equal protection claims is dictum. The controlling precedent in the Sixth Circuit is *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986), where the court held claims of denial of due process and equal protection in collateral proceedings not cognizable in federal habeas because collateral review is not constitutionally mandated. *Accord, Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001); *Johnson v. Collins,* 1998 WL 228029 (6th Cir. 1998); *Trevino v. Johnson*, 168 F.3d 173 (5th Cir.1999); *Zuern v. Tate*, 101 F. Supp. 2d 948 (S.D. Ohio 2000), *aff'd*.,336 F.3d 478 (6th Cir. 2003).

It is also unclear what sort of equal protection claim Miller is raising. He argues

> Specifically here, Miller argues that MORE THAN an independent claim of postconviction procedure is challenged. His duel [sic] constitutional rights of equal-protection to the right-of-access-to-the-courts was violated, by inadequate state procedural rules of post-conviction, which resulted in prejudice.

4

Objections, ECF 9, PageID 1212, citing *Glossip v. Oklahoma*, 604 U.S. ___, 145 S. Ct. 612, 624 (2025). In *Glossip*, the Supreme Court reiterated the independent and adequate state ground doctrine which provides that when a state court decision is based on a ground independent of federal law and adequate to support the decision, the federal courts do not have jurisdiction to overturn that decision. That is not new law. See, *Coleman v. Thompson*, 501 U.S. 722, 732, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Miller fails to identify any procedural decision of the Ohio courts in this case that was either not independent of federal law or was inadequate to support the decision. In particular state court decisions based on the untimeliness of filings or failure to make a contemporaneous trial court objection are completely based on Ohio law and independent of the federal nature of the claim being raised. They are also adequate because they protect the important state interest in the finality of criminal convictions.

Miller's reliance on *Martínez v. Ryan*, 566 U.S. 1 (2012), and its progeny is misplaced. As required by the Constitution, Ohio provides new appointed counsel to indigent criminal defendants on direct appeal as well as necessary transcripts so that errors that can be litigated on the face of the appellate record can be effectively raised on direct appeal.

Miller notes that as an indigent inmate he is exempt from the mandatory e-filing rule of the Montgomery County Common Pleas Court. He turns this exemption on its head to argue that makes him a member of a target class. As an indigent criminal defendant, he had an appointed attorney who could e-file. Once his right to appointed counsel was exhausted, he no longer had the ability to e-file[1], so he was excused from that requirement. But being excused from a particular filing requirement is not equivalent to imposing an invidious requirement on the indigent. He

---

[1] Assuming there were no family or friends available to do it for him.

notes that the federal courts have dealt with the problem of inmate filing by adopting the mailbox rule: a court document from an incarcerated litigant is filed when deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266 (1988). However, Ohio has refused to adopt the mailbox rule. *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990)(noting that *Houston* is not a constitutional decision and finding its logic unpersuasive) and the Sixth Circuit has held it is not binding on the States. *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000).

Petitioner's objection challenging the Ohio collateral review process in general is overruled.

**Ground Three**

The Report recommended dismissal of Miller's claim of ineffective assistance of trial counsel in Ground Three because these claims could have been raised on direct appeal and adjudicated in the appellate record, but were not raised in that proceeding. To the extent Miller asserts these claims depend on evidence outside the appellate record, the Report recommends they be found procedurally defaulted because Miller's post-conviction petition was untimely filed.

Miller objects that Common Pleas Judge Huffman, although she dismissed his post-conviction petition as untimely, also ruled on the merits (Objections, ECF 9, PageID 1217). In reviewing Judge Huffman's decision, the Court finds she concluded there was no merit in Miller's claim that his trial attorney should have obtained a second medical opinion because of trial strategy: counsel relied on an analysis of the evidence that suggested Miller had "sideswiped" the victim rather than intentionally running him over, thus negating the *mens rea* element of murder (Decision and Order, State Court Record, ECF 5-1, Ex. 39, PageID 292). As to failure to impeach witness Griffie with prior felony convictions, she found Miller had supplied insufficient

6

information to show those convictions would have been admissible under Ohio R. Evid. 609. *Id.* at PageID 293. As to counsel's failure to present evidence of the victim's past physical condition, Judge Huffman concluded it was sound trial strategy to focus on Miller's fear of the victim and his physical capacities on the date of the offense. *Id.* at PageID 293-94. She also rejected Miller's reliance on how another attorney had evaluated his trial attorney's work as hearsay and concluded none of the asserted deficiencies in performance prejudiced Miller. *Id.* at PageID 294. Miller appealed from Judge Huffman's decision, but the Second District dismissed the appeal as untimely, rejecting Miller's argument that Ohio should adopt the mailbox rule on the basis of *Tyler, supra*. (Decision, State Court Record, ECF 5-1, Ex. 45).

Even if the Court were to find Miller's ineffective assistance of trial counsel claims were not procedurally defaulted, it would conclude Judge Huffman's findings on the merits are not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), which provides the governing standard for ineffective assistance of trial counsel claims.

**Ground Four: Abuse of Discretion**

In his Fourth Ground for Relief, Miller asserts Judge Huffman abused her discretion "by dismissing Miller's petition for post-conviction relief without a hearing and without granting his motions for admittance of evidence or appointment of counsel." (Petition, ECF 1). The Report recommends dismissing this claim on the basis of the holding in *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995), that abuse of discretion is not a denial of due process. Miller rejects the Report's reading of *Sinistaj*, noting that the Sixth Circuit held that abuse of discretion "without more" is not a constitutional violation. But in his Fourth Ground for Relief Miller complains only of abuse of discretion and not anything more. The obligation to read *pro se* pleadings liberally does not require or even permit habeas corpus courts to add allegations which have not been made.

At various places in this objections, Petitioner adds the note "see transcripts," but provides no citation to the assertedly relevant pages. In ordering an answer in this case, the Magistrate Judge provided that record references were to be to the specific PageID that was being referenced (Order for Answer, ECF 3, PageID 23). To facilitate compliance, every habeas petitioner is furnished with a copy of the complete State Court Record, including transcripts. Failure to comply makes it overly burdensome on the Court to track down transcript page references.

Miller's Objections emphasize how important to his view of the case a second medical opinion would have been. However, he did not present any such opinion to Judge Huffman, relying instead on speculation about what a second opinion would have shown.

**Ground Six: Judicial Misconduct**

In his Sixth Ground for Relief, Miller claims Judge Huffman's comments to the jury on the meaning of reasonable doubt denied him a fair trial. The Report recommends dismissing this claim because it was procedurally defaulted by not being raised on direct appeal. Miller's Objections do not deal with this procedural default except to refer back to his prior arguments on Grounds One, Two, and Five. Those arguments are rejected for the reasons set forth above.

In his Objections, Miller complains of Judge Huffman's comments about evidence admissible to prove self-defense (Objections, ECF 9, PageID 1228, *et seq*.). These are not, however, the comments about which he complained in arguing the case before the Magistrate Judge.

Miller again complains of Judge Huffman's partiality, citing *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). This claim was wholly available to Miller on direct appeal, but was procedurally defaulted by not being raised in that proceeding. But it is widely known that recent changes in self-defense law made by the General Assembly have caused confusion in the Ohio

trial courts. Expressions related to that confusion, especially those made at side bar out of the hearing of the jury, do not show personal bias or prejudice. Disqualifying judicial bias must ordinarily be personal or extrajudicial. *Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002). The quotations from Judge Huffman's comments do not show any personal bias against Miller, but rather difficulty with the definitions of the law of self-defense. Even if Ground Six were not procedurally defaulted, it would fail on the merits.

**Ground Eight: Prosecutorial Misconduct**

In his Objections, Miller combines Grounds Six and Eight but makes no separate argument about Ground Eight (See Objections, ECF 9, PageID 1228, *et seq*.)

**Ground Seven: Prosecutorial Misconduct**

In his Seventh Ground for Relief, Miller complains of prosecutorial misconduct by way of comment during closing argument and in cross-examination. The Report recommends dismissing this claim as procedurally defaulted by lack of a contemporaneous objection and on the merits because the Second District's rejection of the claim is based on a reasonable application of United States Supreme Court precedent.

Miller's Objections make no comment on the procedural default finding which the Court concludes is correct.

**Ground Nine: Ineffective Assistance of Trial Counsel**

In his Ninth Ground for Relief, Miller claimed he received ineffective assistance of trial counsel when his trial attorney did not seek a jury instruction on the lesser included offense of aggravated assault. The Report recommends dismissing this claim on the merits because the question of whether the evidence would have supported such an instruction is one of Ohio law and

9

the Second District Court of Appeals concluded no such instruction would have been warranted: the defense of self defense is inconsistent with a claim of serious provocation under Ohio law. *State v. Miller, supra*, at ¶ 17.  Miller disagrees with this conclusion, but misses the additional point that a federal habeas court cannot correct a state appellate court's reading of state law.

**Conclusion**

Having reviewed Miller's Objections *de novo,* the Court finds they are without merit and are hereby overruled and the Report is adopted.  The Clerk is directed to enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 20, 2025                                                                                        Thomas M. Rose

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Thomas M. Rose
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge